UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Adam Mitchell, | Civil No. 22-cv-490 (JRT/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Michael Kurkowski, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Amend (Dkt. 20). For the reasons stated below, the Motion to Amend is denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Adam Mitchell ("Plaintiff" or "Mitchell") initiated this action by filing his Complaint on February 25, 2022. (Dkt. 1.) All of the named Defendants except VSM Real Estate, LLC, filed a Motion to Dismiss, and on November 23, 2022, U.S. District Judge John R. Tunheim issued an Order granting those Defendants' Motion to Dismiss and entering judgment as to those Defendants, but staying "entry of judgment dismissing this case for 30 days to permit Mitchell to file a motion to amend under Local Rule 15.1." (Dkt. 18 at 20.) Judge Tunheim also gave Mitchell 30 days to show cause why the Court should not dismiss this action without prejudice as to VSM Real Estate, LLC, for failure to serve the Complaint. (*Id.* at 21.)

Mitchell filed a Motion to Amend on December 27, 2022.  (Dkt. 20.)  He filed a First Amended Complaint on the same day as a separate docket entry.  (Dkt. 19.)  Also on December 27, 2022, Mitchell filed a proposed order.  (Dkt. 21.)

On December 29, 2022, Mitchell filed a meet-and-confer statement indicating he had not met and conferred with Defendants regarding his Motion to Amend because it was filed "pursuant to the District Court's permission . . . to correct pleading deficiencies after the claims were dismissed without prejudice and has therefore already been subjected to the original meet and confer conducted in advance of the Defendants' prior motion to dismiss."  (Dkt. 22).

In addition, Mitchell did not file on December 27, 2022, a "version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading" as required by Local Rule 15.1(b).  *See* D. Minn. LR 15.1(b).

Further, Mitchell did not file a notice of hearing or a memorandum of law on December 27, 2022, even though Local Rule 7.1(b)(1)(B)-(C) requires the moving party to file both documents "simultaneously" with a motion.  *See* D. Minn. LR 7.1(b)(1)(B)-(C).

On January 3, 2023, counsel for all Defendants except VSM Real Estate, LLC, sent an email to this Court, copying Plaintiff's counsel and Judge Tunheim's chambers, stating:

2

> I write to ask whether Judge Wright is going to issue a briefing schedule pursuant to plaintiff's Motion to Amend. This request is necessitated by the fact the plaintiff did not serve a Notice of Hearing pursuant to Local Rule 7.1(b)(1)(B) nor a memorandum of law pursuant to Local Rule 7.1(b)(1)(C). My clients desire an opportunity to be heard on plaintiff's Motion.

On the same day, this Court issued an Order noting the deficiencies in Mitchell's filings, setting a briefing schedule, and ordering Mitchell to email the undersigned's Chambers to obtain a hearing date. (Dkt. 23.)

On January 9, 2023, Plaintiff filed a Notice of Hearing with a to be determined date, a memorandum in support of the Motion to Amend, and a copy of what Plaintiff described as a redline version of the proposed amended complaint required by Local Rule 15.1(b). (Dkts. 24, 25, 26.) However, the purported redline version of the proposed amended complaint did not show any changes between the proposed amended complaint and original complaint. (Dkt. 26.)

## II. ANALYSIS

Defendants argue that the Motion to Amend should be denied because Plaintiff failed to timely file the motion in compliance with Local Rules 7.1 and 15.1, and Judge Tunheim's November 23, 2022 Order. (Dkt. 28 at 5-6.) Defendants also argue that the proposed First Amended Complaint should be denied as futile because it does not address the deficiencies set forth in Judge Tunheim's Order. (*Id.* at 7-14.)

First, Mitchell is correct (Dkt. 30 at 3) that his time to file a motion to amend was extended to December 27, 2022 by operation of Rule 6(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 6(a). Thirty days from Judge Tunheim's November 23,

3

2022 Order fell on Friday, December 23, 2022, a Court holiday, and the Court did not open again until Tuesday December 27, 2022.  *See* https://www.mnd.uscourts.gov/news/updated-all-courts-closing (last visited March 8, 2023).

However, Mitchell ultimately did not comply with Judge Tunheim's Order to file a motion to amend under Local Rule 15.1 within that extended deadline.  As discussed, Mitchell did not file the redline version of the Motion to Amend as required by Local Rule 15.1(b) on December 27, 2022, and in fact, did not file the redline version on January 9, 2022, although he stated at the hearing that he intended to do so but that a technical issue removed the redlining.  Mitchell's counsel acknowledged at the hearing that it was an oversight on his part and that he would double check in the future to ensure that redlining remained after filing a document.[1]

Moreover, a motion to amend the pleadings is a non-dispositive motion.  D. Minn. LR 7.1(b)(4)(A)(i).  Under Local Rule 7.1(b), a party seeking non-dispositive relief from the Court is required to file and serve the following documents "simultaneously":

    (A) motion;
    (B) notice of hearing;
    (C) memorandum of law;
    (D) any affidavits and exhibits;
    (E) meet-and-confer statement (unless later filing is permitted under LR
        7.1(a)(1)(A)); and
    (F) proposed order (an editable copy of which must be emailed to
        chambers).

D. Minn. LR 7.1(b)(1).

---

[1] Both parties ultimately rely on a redline comparison of the Complaint and the proposed First Amended Complaint (Dkt. 29-1) generated by Defendants.  (Dkt. 28 at 2 n. 3; Dkt. 30 at 1 n.1.)

4

The Motion to Amend filed on December 27, 2022 did not comply with Local Rule 7.1(b)(1)(B)-(C) in that Mitchell did not simultaneously file a notice of hearing and, more importantly, a supporting memorandum of law, with the Motion.  This required Defendants to seek guidance from the Court and the Court to issue an Order setting a briefing schedule.  (Dkt. 23.)  Nothing in this Court's January 3, 2023 Briefing Order excused Mitchell's failure to comply with Local Rule 7.1, and its only purpose was to prompt Plaintiff so that the Motion could ultimately be considered by the Court.

The Court also finds that Mitchell violated Local Rule 7.1(a), which imposes a meet-and-confer requirement before filing a motion.  Courts within this District have denied motions to amend for a failure to engage in a meet-and-confer.  *See Tealeh v. DeJoy*, No. 21-CV-1318 (WMW/DJF), 2022 WL 16833785, at *2 (D. Minn. Nov. 9, 2022) ("The Court also cannot conclude that Mr. Tealeh complied with the meet and confer requirement of Local Rule 7.1(a).  This requirement was not satisfied by any discussion Mr. Tealeh may have had with defense counsel about the deadline for amendments . . . he was required to provide defense counsel with the content of his proposed amendment and confer with defense counsel about whether Defendant DeJoy would object to the filing of that specific amendment.  Mr. Tealeh does not appear to have provided Defendant DeJoy with advance notice of the content of the proposed amendment as required.  Because Mr. Tealeh's Motion did not comply with this District's Local Rules, the Court denies the Motion without prejudice."); *see also Fredin v. Miller*, Civ No. 18-cv-0466 (SRN/HB), 18-cv-0510 (SRN/HB), 2018 WL 11282676, at

\*1 (April 9, 2018) (denying motion for leave to amend when pro se plaintiff failed to comply with Local Rules, including Rules 15.1(b) and 7.1(a)).

Mitchell's rationale for not meeting and conferring is that he had already meet and conferred with respect to the Motion to Dismiss and because Judge Tunheim had given him "permission" to bring a motion to amend. (Dkt. 23)  But meeting and conferring regarding the earlier Motion to Dismiss does not excuse him from meeting and conferring with respect to his Motion to Amend and proposed amended complaint.  Further, having permission to file a motion does not absolve him from complying with the requirements necessary for bringing said motion.  Mitchell's rationale is without merit because the proposed First Amended Complaint was drafted in an attempt to overcome the issues raised by the Motion to Dismiss and Judge Tunheim's Order.  If Mitchell had properly met and conferred, he could have ripened the futility and statute of limitations arguments such that he could have addressed them fully in his opening brief and given the served Defendants proper notice of his arguments before filing their response.

The Eighth Circuit has "repeatedly held that a district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to follow procedural rules or failed to attach the proposed complaint." *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504-05 (8th Cir. 2013) (citation omitted); *see also O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) (citations omitted) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules.").  Courts in this District routinely deny motions to amend for the failure to comply with the applicable Local Rules. *See, e.g., U.S. ex rel. Ellis v.*

6

*City of Minneapolis*, No. 11-CV-0416 PJS/TNL, 2012 WL 6652885, at *2 (D. Minn. Dec. 21, 2012) (denying motions to amend that lacked a copy of the proposed amended pleading and memorandum of law).

Here, Judge Tunheim stayed entry of judgment for 30 days to allow Mitchell to file a motion to amend under Local Rule 15.1.  Mitchell did not file a motion to amend that complied with Local Rule 15.1 within the time permitted by that Order and Rule 6(a) of the Federal Rules of Civil Procedure.  This is not a trivial issue, as U.S. Magistrate Judge David T. Schultz has explained, the failure to comply with Local Rule 15.1(b) "is consequential because it frustrated the Court's ability to directly compare" the pleadings. *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 355 F. Supp. 3d 785, 790 (D. Minn. 2019). Further, as noted above, Mitchell's Motion to Amend did not comply with several aspects of Local Rule 7.1, including the meet-and-confer requirement and the requirement that all supporting documents be simultaneously filed with the motion.  Nothing in Judge Tunheim's Order staying entry of judgment for 30 days to permit a motion to amend under Local Rule 15.1 excused Mitchell from complying with the Local Rules, and Mitchell has given no reason why he could not comply with the Rules while at the same time drafting his 12-page proposed amended complaint.  Indeed, Mitchell's counsel admitted at the hearing that there was no excuse for Plaintiff's failure to comply with Local Rules 7.1 and 15.1.[2]

---

[2]  The Court notes that under Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1).  Here there was

7

For all these reasons, the Court denies the Motion to Amend. The Court also strikes Docket Entry 19, which is the First Amended Complaint. Because the Court denies the Motion to Amend on procedural grounds, it does not reach Defendants' futility arguments.

### III.   ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff's Motion to Amend the Complaint (Dkt. 20) is **DENIED**.

2. Plaintiff's First Amended Complaint (Dkt. 19) is **STRICKEN**.

Date: March 9, 2023

s/ *Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

---

no such request before the 30 days expired, let alone good cause to warrant an extension. Moreover, under Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Here, there has been no such motion, and the related failure to follow the local rules by counsel in of itself does not amount to excusable neglect. *See Bricklayers & Allied Craftworkers Serv. Corp. v. Archithority United L.L.C.*, No. 19-CV-2588 (MJD/ECW), 2020 WL 7249860, at *18, 21 (D. Minn. Nov. 3, 2020), *R. & R. adopted sub nom.*, 2020 WL 6938626 (D. Minn. Nov. 25, 2020). More importantly, as noted above Mitchell's counsel acknowledged at the hearing, there was no excuse for the failure to follow the Local Rules.